**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICHARD PAUL ZUCKERMAN, | : | |
| | : | Civil Action No. 10-4891 (MLC) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| EDMOND C. CICCHI, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Richard Paul Zuckerman, Petitioner pro se
MCACC, P.O. Box 266, New Brunswick, NJ 08903

**COOPER**, District Judge

Petitioner, Richard Paul Zuckerman, a pre-trial detainee confined at Middlesex County Adult Correctional Center at New Brunswick, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The named respondents are Edmond C. Cicchi and the State of New Jersey, Office of the Public Defender.  Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless– ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

## I.  BACKGROUND

Petitioner asserts that he is a pre-trial detainee charged with making terroristic threats, possession of swords and knives, and possession of marijuana.  Petitioner asserts that his public defender has failed to (1) provide effective assistance, (2) communicate with him, and (3) obtain an appropriate defense psychiatrist for bail hearings.  He also asserts that the prosecuting attorney is prosecuting him on a discriminatory basis, apparently on the ground that Petitioner already has a criminal record, while the prosecuting attorney has failed to charge the "principal" of the crime.  Petitioner also asserts that he is denied access to the courts while he is in administrative segregation.[2]

Petitioner asserts that he submitted a state habeas corpus motion on August 31, 2010, only a few days before this Petition, dated September 6, 2010, was mailed.  Petitioner asserts that he has not exhausted his state remedies because "It would be an exercise in futility."  Petitioner seeks all appropriate relief.

---

[2] In marginal notes, and supplemental letters, Petitioner asserts various challenges to the conditions of his confinement. Such claims are not proper habeas claims but must be brought in a civil rights action. See, e.g., Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002).  Due to the consequences that flow from bringing such a civil rights action, including the assessment of a $350 filing fee and the possibility that Petitioner could incur a "strike" that would impair his ability to bring future civil rights claims, see generally 28 U.S.C. § 1915, this Court will not construe this pleading as a civil rights complaint.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).  Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985); see also 28 U.S.C. §§ 2243, 2255.

## III.   ANALYSIS

As to whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner:

(1)   federal courts have "pre-trial" habeas corpus jurisdiction;

(2)   that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

(3)   where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge,

3

> the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975).

Exhaustion is required of a state pre-trial detainee seeking a federal writ of habeas corpus. In the absence of exhaustion, this Court should exercise pre-trial habeas jurisdiction only if "extraordinary circumstances are present."

Petitioner has admitted that he did not exhaust his state court remedies, initiated only six days before this Petition was sent. He has not alleged any extraordinary circumstances that would justify this Court's exercise of jurisdiction at this time. Accordingly, there is no basis for this Court to intervene in this pending state criminal proceeding.

## IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed. An appropriate order and judgment follows.

          s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:   May 24, 2011